STATE *vs.* JOHN BRADY AND HUGH GRAGAN.

A city by-law enacted in 1867 imposed a penalty for keeping open any shop for the sale of liquors after half-past ten o'clock at night. A state law, enacted in 1874, provided for the licensing of persons to sell liquors, and forbade under a penalty the keeping open by any person licensed under the act of any place for the sale of liquors between twelve o'clock at night and five in the morning, and repealed all laws inconsistent with the act. Upon a prosecution for a violation of the city by-law, it was held—1. That the city by-law was superseded by the state law, only in its application to persons licensed under the

State *v.* Brady.

latter.—2. That it must be shown affirmatively in defense that the party prosecuted was so licensed.

INFORMATION for a violation of a by-law of the city of Meriden, imposing a penalty for keeping open a shop where liquors were sold, after half past ten o'clock at night; brought to the Superior Court in New Haven County by appeal of the defendants from the police court of the city of Meriden. The defendants demurred to the information, and the questions arising on the demurrer were reserved for the advice of this court.

*G. A. Fay,* in support of the demurrer, contended that the by-law of the city, which was passed in 1867, was repealed or superseded by the act of the legislature of 1874, (Acts of 1874, ch. 115, secs. 15, 18,) which revised the whole subject of the sale of liquor, and provided that persons licensed to sell under the act should not keep open any place for the sale of liquors between twelve o'clock at night and five in the morning, and repealed all laws inconsistent with the act; citing Cooley's Const. Lim., 199 and note ; 1 Dillon Municp. Corp., § 301 ; *Mayor &c. of New York* v. *Nichols,* 4 Hill, 209 ; *Bartlett* v. *King,* 12 Mass., 537 ; *Nichols* v. *Squire,* 5 Pick., 168 ; *Austin* v. *Murray,* 16 Pick., 126 ; *Warren* v. *City of Charlestown,* 2 Gray, 99 ; *Amesbury* v. *Bowditch Mut. Fire Ins. Co.,* 6 id., 607 ; *The King* v. *Company of Fishermen of Feversham,* 8 T. R., 352, 356.

*Hicks,* contra.

PARK, C. J. The defendants contend that the information in this case is insufficient, on the ground that the statute of 1874 repealed the by-law of the city of Meriden, on which the information is based. But the statute of 1874 makes it criminal for those only who are licensed under its provisions to keep open their establishments during certain hours of the night. A person unlicensed is not amenable to its provisions and cannot be punished under it.

Now it nowhere appears in this information that the

defendants or either of them are licensed under the provisions of the statute. The claim is of no avail therefore, that the statute has repealed the by-law. The statute repeals all laws inconsistent with itself, and if it be true that it applies to the by-law of the city, it is only inconsistent with it in regard to those licensed, and therefore repeals the by-law only to that extent.

The defendants therefore must have been licensed to avoid a conviction under the state law, and the fact that they were so must appear in order to make their claim of any avail.

We think the information is sufficient.

In this opinion the other judges concurred.